UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MATTHEW BRADLEY, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:13-CV-194 |
| § | |
| GEOVERA SPECIALTY INSURANCE § | |
| COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

Pending before the Court is Matthew Bradley and Francine Bradley's ("Plaintiffs") motion to remand.[1] After considering the motion, response, record, and relevant authorities, the Court **GRANTS** the motion.

**I.     Background**

This insurance dispute was removed from state court by several defendants: GeoVera Specialty Insurance Company; GeoVera Specialty Insurance Services, Inc.; Team One Adjusting Services, LLC; Robert Ackerman; Phillip Pierce ("Pierce"); and Holly Wolf (collectively, "Removing Defendants").[2]  Wesley Stevenson ("Stevenson"), who Removing Defendants asserted had not been served at the time of removal,[3] has since appeared in this case by filing an answer in this Court.[4]

According to Plaintiffs' original petition, their home was damaged by a hail and/or wind storm.[5] Apparently dissatisfied with the handling of their insurance claim, Plaintiffs sued

---

[1] Dkt. No. 6.
[2] Dkt. No. 1.
[3] Dkt. No. 1 at p. 2.
[4] Dkt. No. 3.
[5] Dkt. No. 1-4 at p. 5.

Removing Defendants and Stevenson.[6] In their original petition, Plaintiffs included the following theories of liability: violations of Chapters 541 and 542 of the Texas Insurance Code; fraud; conspiracy to commit fraud; breach of contract; and breach of the duty of good faith and fair dealing.[7]

On May 13, 2013, Plaintiffs filed a motion to remand asserting that this Court does not have diversity jurisdiction because Stevenson and Pierce, the non-diverse defendants, are properly joined.[8] Removing Defendants responded that the Court does have jurisdiction because Stevenson and Pierce are improperly joined.[9]

## II.  Analysis

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000. It is undisputed that the amount in controversy requirement is satisfied in this case. Thus, Removing Defendants must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10] Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[11]  "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[12]

---

[6] Dkt. No. 1-4 at p. 1.
[7] Dkt. No. 1-4 at pp. 12-20.
[8] Dkt. No. 6 at pp. 5-15.
[9] Dkt. No. 7 at pp. 3-11.
[10] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[11] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[12] *Id.* (internal quotation marks and citation omitted).

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[13] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[14] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[15] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[16]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[17]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[18] it *is not required* to do so. The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[19] Here, a review of Plaintiffs' motion to remand and Removing Defendants' response does not convince the Court that is should pierce the pleadings. This means the Court will not look beyond the state court petition.

---

[13] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[14] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[15] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[16] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[17] Tex. R. Civ. P. 45 & 47; *Stoner*, 578 S.W.2d at 683.
[18] *Smallwood*, 385 F.3d at 573.
[19] *Id*. at 573-574.

The Court will now consider whether the state court petition states a claim against Stevenson and Pierce, the non-diverse defendants. The Court will first evaluate whether Plaintiffs stated a claim against Stevenson and will only evaluate the allegations against Pierce if Plaintiffs have not stated a claim against Stevenson. Turning to the state court petition, it includes the following allegations by Plaintiffs:

> "Defendant Wesley Stevenson is an individual residing in and domiciled in the State of Texas."[20]
>
> "The Court has jurisdiction over Defendant Stevenson because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas."[21]
>
> "Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as 'the Policy'), which was issued by GeoVera."[22]
>
> "Plaintiffs own the insured property . . . ."[23]
>
> "On or about March 29, 2012, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence. . . . Immediately after the storm, Plaintiffs filed a claim with their insurance company, GeoVera, for the damages to their home caused by the hail storm and/or windstorm."[24]
>
> "Defendant GeoVera assigned Defendant GeoVera Specialty, to oversee many aspect (sic) of Plaintiffs' claim. GeoVera Specialty was responsible for making policy on adjusting insurance claims and assigning vendors that were retained to adjust the claim."[25]
>
> "Defendant GeoVera Specialty and/or GeoVera assigned Defendant Team One to adjust the claim. Defendant GeoVera Specialty and/or Team One and/or Defendant GeoVera then assigned Defendants Stevenson, Ackerman, Wolf, and Pierce as the individual adjusters on the claim. The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about April 7, 2012, Stevenson

---

[20] Dkt. No. 1-4 at p. 3.
[21] Dkt. No. 1-4 at p. 4.
[22] Dkt. No. 1-4 at p. 5.
[23] Dkt. No. 1-4 at p. 5.
[24] Dkt. No. 1-4 at p. 5.
[25] Dkt. No. 1-4 at p. 6.

conducted a substandard inspection of Plaintiffs' property. For example, Stevenson was not cooperative, and quickly discounted any damages Plaintiffs pointed out to him. Furthermore, Stevenson made coverage decisions and told Plaintiffs which damages specifically would and would not be covered. Stevenson was neither qualified nor authorized to make coverage determinations. The inadequacy of Stevenson's inspection is further evidenced by his report dated April 25, 2012, over two (2) weeks after his initial inspection, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Stevenson omitted some of the interior damages from his report. Moreover, Stevenson both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Specifically, Plaintiffs expressed concern over the cost of properly repairing the roof. Stevenson and his supervisor Defendant Pierce assured the Plaintiffs that they would estimate an amount that would cover the cost of properly repairing the roof. Ultimately, Stevenson's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Stevenson's inadequate investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid."[26]

"Together, [Removing Defendants and Stevenson] set out to deny and/or underpay properly covered damages. [Removing Defendants and Stevenson] failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and undervalued Plaintiffs' damages, thus denying adequate and sufficient payment to Plaintiffs. As a result of [Removing Defendants' and Stevenson's] unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiffs were considerably underpaid on their claim and have suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment they are entitled to under the Policy."[27]

"[Removing Defendants and Stevenson] misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence."[28]

"Defendants Stevenson . . . and Pierce are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of GeoVera because each is a "person" as defined in TEX. INS. CODE §541.002(2)."[29]

"As previously mentioned, the damages caused by the March 29, 2012, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue

---

[26] Dkt. No. 1-4 at pp. 6-7.
[27] Dkt. No. 1-4 at pp. 7-8.
[28] Dkt. No. 1-4 at p. 9.
[29] Dkt. No. 1-4 at p. 13.

> hardship and burden to Plaintiffs. These damages are a direct result of [Removing Defendants' and Stevenson's] mishandling of Plaintiffs' claim in violation of the laws set forth above."[30]

The petition also alleges that Stevenson violated Section 541.060 of the Texas Insurance Code.[31]

Section 541.060 states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . .[32]

The Court will now consider Removing Defendants' arguments that the petition does not state a claim against Stevenson.

First, the Court notes that Removing Defendants urge the Court to apply the federal court pleading standard. The Court notes that district courts are split on this issue of which pleading standard applies in improper joinder analyses. Some courts apply the federal court pleading standards in improper joinder analyses, and others apply the state court pleading standards. As stated above, this Court applies the state court pleading standard. This approach has significant ramifications in this case. For example, Removing Defendants would have the Court apply Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement to Plaintiffs' misrepresentation claims.[33] Because the Court is applying the state court pleading standards, the Court will not evaluate Plaintiffs' misrepresentation claims under Rule 9(b).

Second, Removing Defendants argue that "Plaintiffs fail to offer any actionable facts in support of their claims against Pierce and Stevenson and therefore they fail to make the required '[f]actual fit between (her) (sic) allegations and the pleaded theory of recovery.'"[34] But here,

---

[30] Dkt. No. 1-4 at p. 20.
[31] Dkt. No. 1-4 at pp. 9-10, 12-15.
[32] Tex. Ins. Code Ann. § 541.060 (West Supp. 2012).
[33] Dkt. No. 7 at pp. 8-10.
[34] Dkt. No. 7 at p. 4 (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)) (alterations in original).

> hardship and burden to Plaintiffs. These damages are a direct result of [Removing Defendants' and Stevenson's] mishandling of Plaintiffs' claim in violation of the laws set forth above."[30]

The petition also alleges that Stevenson violated Section 541.060 of the Texas Insurance Code.[31]

Section 541.060 states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . .[32]

The Court will now consider Removing Defendants' arguments that the petition does not state a claim against Stevenson.

First, the Court notes that Removing Defendants urge the Court to apply the federal court pleading standard. The Court notes that district courts are split on this issue of which pleading standard applies in improper joinder analyses. Some courts apply the federal court pleading standards in improper joinder analyses, and others apply the state court pleading standards. As stated above, this Court applies the state court pleading standard. This approach has significant ramifications in this case. For example, Removing Defendants would have the Court apply Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement to Plaintiffs' misrepresentation claims.[33] Because the Court is applying the state court pleading standards, the Court will not evaluate Plaintiffs' misrepresentation claims under Rule 9(b).

Second, Removing Defendants argue that "Plaintiffs fail to offer any actionable facts in support of their claims against Pierce and Stevenson and therefore they fail to make the required '[f]actual fit between (her) (sic) allegations and the pleaded theory of recovery.'"[34] But here,

---

[30] Dkt. No. 1-4 at p. 20.
[31] Dkt. No. 1-4 at pp. 9-10, 12-15.
[32] Tex. Ins. Code Ann. § 541.060 (West Supp. 2012).
[33] Dkt. No. 7 at pp. 8-10.
[34] Dkt. No. 7 at p. 4 (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)) (alterations in original).

Plaintiffs' original petition sets out discrete factual allegations against Stevenson. These factual allegations have been recited above. Additionally, Plaintiffs allege that Stevenson is engaged in the business of insurance and participated in adjusting their claim. They further allege that Stevenson is a "person" who may be held individually liable under the insurance code. That is sufficient to allege that Stevenson is a "person" subject to the insurance code.[35] Plaintiffs also alleged that Stevenson "misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damages was caused by a covered occurrence." There is a sufficient nexus between the factual allegations and the legal claim that Stevenson violated a portion of § 541.060 of the Texas Insurance Code. Finally, Plaintiffs claims that Stevenson caused them to suffer damages. Thus, the Court finds that the state court petition states a cause of action against Stevenson and gives Stevenson fair notice of the relief sought. That is sufficient to state a claim against Stevenson under the state court pleading standards. Ultimately, the Court finds that Removing Defendants have not met their burden of demonstrating that Stevenson, the non-diverse defendant, is improperly joined.

---

[35] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2012); *see also* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282-83 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).

### III. Conclusion

After considering the motion, response, record and controlling authorities, the Court finds that Responding Defendants have not met their burden of demonstrating that Wesley Stevenson is improperly joined. Therefore, the Court **GRANTS** Plaintiffs' motion to remand. This case is **REMANDED** to the 389th Judicial District Court, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 31st day of May, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE